# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3246

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellant | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Lori Ann Merryman, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellee. | * | |

_____

Submitted: June 20, 2005
Filed: June 29, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Lori Ann Merryman pled guilty to conspiracy to manufacture and attempt to manufacture 5 grams or more of actual methamphetamine. Her sentence was imposed after issuance of the panel opinion in United States v. Pirani, No. 03-2871, (8th Cir. Aug. 5, 2004), *vacated*, 406 F.3d 543 (2005) (en banc). The district court, applying the then existing precedent, refrained from imposing any guideline sentencing enhancements and sentenced Merryman to 87 months. The government appeals, and we remand for resentencing.

The Presentence Investigation Report (PSR) recommended a base offense level of 26 and enhancements of two levels for obstruction of justice and for reckless endangerment during flight, for a total offense level of 30. Merryman's criminal history was calculated at category II and her resulting sentencing range was 108-135 months. Merryman did not object to the offense level or dispute that she committed the acts underlying the recommended enhancements, but she made a "conditional objection" to imposition of any enhancements if "upward adjustments were to be required to be determined by a jury beyond a reasonable doubt."

The parties agreed that without enhancements the sentencing range with a base level of 26 and criminal history category II would be 70-87 months. They also agreed that if the federal sentencing guidelines were later determined to be constitutional, the total offense level with her two enhancements would be 30 with a resulting sentencing range of 108-135 months. The government asked the court to impose alternative "pure guidelines" and purely discretionary sentences in the event that future legal developments warranted them. Defense counsel asked for an alternative sentence around the low point of the range.

The district court imposed a sentence of 87 months. It also issued two "stand-by sentences in the event there are further developments in sentencing law." If the court were to be "sentencing her under pure guidelines" as in effect before the panel decision in Pirani, Merryman's total offense level would be 30 and her sentence would be 108 months. If the court had "pure discretion and used the guidelines only as advisory guidelines, [the] sentence would also be 108 months."

Now that the Supreme Court has decided United States v. Booker, 125 S. Ct. 738, 757 (2005), holding the mandatory guidelines unconstitutional and rendering their use "effectively advisory," the government requests that Merryman's sentence be reversed and the case remanded for imposition of the court's alternative sentence

of 108 months. Merryman objects, arguing that the district court did not err under the governing law at the time of the sentencing.

The sentencing hearing in this case occurred during a period of uncertainty about whether the Supreme Court would extend its reasoning in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), to the federal sentencing guidelines. It did so in <u>Booker</u>, but its remedy for the Sixth Amendment infirmities it identified was to make the federal guidelines advisory and to change the standard of review. Since the precedent under which the district court sentenced Merryman prohibited sentencing enhancements on facts not found by a jury or admitted by the defendant even if the court treated the guidelines as advisory only, the sentence is not consistent with <u>Booker</u> and must be remanded for imposition of the court's alternative sentence.

Accordingly, we reverse the sentence originally imposed and remand for imposition of the alternative sentence of 108 months.

_____